IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-10-CR-0006-N-(02) |
| | § | NO. 3-12-CV-1186-N-BD |
| RAMON RODARTE-MENDOZA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Ramon Rodarte-Mendoza, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Punishment was assessed at 121 months confinement followed by a five-year term of supervised release. Defendant appealed his conviction and sentence. The appeal was dismissed as frivolous. *United States v. Rodarte-Mendoza*, 452 Fed.Appx. 509, 2011 WL 6003979 (5th Cir. Dec. 1, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that he received ineffective assistance of counsel in connection with his guilty plea and at sentencing.

A.

Defendant contends that his attorney failed to provide "reasonably competent advice" in connection with his guilty plea. As best the court understands this claim, defendant accuses his attorney of inducing him to sign a factual resume that implicates him in a drug conspiracy involving 10 kilograms of cocaine, rather than just the five kilograms of cocaine found in his possession at the time of his arrest. (*See* Def. Br. at 7).

1.

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id.*, *citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). Advising a defendant about his potential exposure under the sentencing guidelines is necessarily part of this process. *Id.* However, an erroneous estimate by counsel as to the length of sentence, standing alone, does not vitiate an otherwise voluntary guilty plea. *See Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). As noted by the Fifth Circuit:

> A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands.
>
> Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.

*Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.) (internal citations omitted) (emphasis in original), *cert. denied*, 123 S.Ct. 286 (2002), *abrog. on other grounds*, *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Only an actual promise by counsel that a lesser sentence will be imposed, as opposed to an erroneous prediction of leniency, renders a guilty plea involuntary. *See, e.g. Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

2.

Defendant appears to blame his attorney for the fact that he was held responsible for a total of 10 kilograms of cocaine, instead of just the five kilograms found in his possession at the time of his arrest. However, defendant admitted in his factual resume that he agreed to deliver 10 kilograms of cocaine to an undercover officer for $22,000. (*See* Gov't Resp. App., Exh. 1, Fact. Res. at 2). At rearraignment, defendant testified under oath that he read the factual resume before signing it and that the facts stated therein are true. (*See id.*, Exh. 2, Rearraign. Tr. at 21). Defendant further testified that no one made any promises or assurances of any kind in an effort to get him to plead guilty. (*Id.*, Exh. 2, Rearraign. Tr. at 18). Prior to accepting his guilty plea, the court admonished defendant:

> Generally a defendant cannot plead guilty unless he is actually guilty of that crime. In federal court the judge determines the penalty, whether the conviction is by way of a plea of guilty or upon a verdict of a jury. . . . The penalty will be decided based upon the facts heard in open court. You should never depend or rely upon any statement or promise by anyone, whether connected with law enforcement, the government, your attorney, or anyone else, as to what the punishment will be in your case. The penalty, again, is entirely up to the district judge.

(*Id.*, Exh. 2, Rerraign. Tr. at 12-13). Defendant told the judge that he understood the explanations about the process and the consequences of pleading guilty. (*Id.*, Exh. 2, Rearraign. Tr. at 13-14).

With respect to punishment, the judge informed defendant that he faced a minimum sentence of 10 years confinement upon conviction, with a maximum sentence of life imprisonment. (*Id.*, Exh. 2, Rearraign. Tr. at 19). Defendant said that he understood the range of punishment. (*Id.*, Exh. 2, Rearraign. Tr. at 21). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Other than his conclusory and self-serving allegations, nothing in the record suggests that defendant's guilty plea was unknowing or involuntary. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

B.

Defendant also contends that his attorney should have: (1) objected to the amount of drugs attributed to him for sentencing purposes; (2) argued for a "minor role" adjustment under the guidelines; and (3) asked for a lesser sentence based upon his willingness to accept deportation through voluntary departure.

1.

In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See*

*United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

2.

Defendant faults his attorney for failing to object to the amount of drugs attributed to him for sentencing purposes. As previously discussed, defendant admitted in his factual resume that he negotiated the sale of 10 kilograms of cocaine to an undercover officer for $22,000. (*See* Gov't Resp. App., Exh. 1, Fact. Res. at 2). Although only five kilograms of cocaine were seized from defendant at the time of his arrest, another five kilograms were found inside the residence of Alfonso Gonzalez-Garza, a co-conspirator. In his factual resume, defendant identified Gonzalez-Garza as a co-conspirator and indicated that he knew about the other five kilograms of cocaine. (*Id.*, Exh. 2, Fact. Res. at 2-3). These admissions are more than enough to hold defendant responsible for 10 kilograms of cocaine. *See United States v. Carreon*, 11 F.3d 1225, 1230-31 (5th Cir. 1994), *citing* U.S.S.G. § 1B1.3(a)(1)(B) (drug quantity attributable to defendant includes both drugs with which defendant was directly involved, and drugs that can be attributed to defendant as part of reasonably foreseeable conduct of co-conspirators). Any objection by counsel to the drug quantities would have been futile.

Nor was counsel ineffective for failing to argue that defendant was a "minor participant" in criminal activity. Under the sentencing guidelines, a "minor participant" is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), app. note. 5. A downward adjustment is not appropriate merely because the defendant is somewhat less culpable than the other participants. His role must be "enough less so that he at best

was peripheral to the advancement of the illicit activity." *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir.), *cert. denied*, 115 S.Ct. 1990 (1995) (citation omitted); *see also United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995) (downward adjustment is appropriate only if defendant is "substantially less culpable" than the average participant). Here, there is nothing to suggest that defendant's role in the drug conspiracy was less than his co-conspirators. To the contrary, the evidence shows that defendant negotiated the sale of 10 kilograms of cocaine with an undercover officer, traveled with his co-conspirators to an agreed upon location, and personally negotiated delivery of half of the drugs. (*See* Gov't Resp. App., Exh. 1, Fact. Res. at 1-2). According to the PSR, defendant was supposed to receive $10,000 from the drug sale and then pay his co-conspirators $2,000 each for their services. (*See id.*, Exh. 3, PSR at 3, ¶ 15). In view of these facts, counsel had no basis for requesting a sentence reduction under U.S.S.G. § 3B1.2.

Finally, defendant argues that his attorney should have asked for a lesser sentence based upon his willingness to leave the county through voluntary departure. Even if counsel had legal grounds for making such a request and was ineffective in failing to do so, defendant was not prejudiced thereby. Defendant was sentenced to 121 months in prison -- just *one month* more than the statutory minimum punishment. There is no basis for concluding that defendant was subjected to increased jail time because his attorney failed to ask for a downward departure based upon his willingness to return to Mexico voluntarily.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE